### CHRETIEN vs. HER HUSBAND.

APPEAL from the court of the fifth district.

The wife is bound to follow her husband wherever he determines to go.

MARTIN, J. delivered the opinion of the court. The wife seeks a separation of bed and board, and of property, on an allegation of being abandoned—she shews she made the summons to her husband, to return to the common dwelling, which he disregarded.

He answers that the wife is bound to reside with her husband in the marital house, which is that he has selected for the residence of himself and his family—that he has removed, as he had a right to do, from the house in which the wife resides, to another in the same parish, where he is and has ever been ready to receive her, but she refuses to come.

He had judgment, and she appealed.

Her counsel urges that the district court erred in concluding that in the present case there is no abandonment, because the wife is bound to follow her husband wherever he chuses to remove his domicil.

Further, that the record contains no evidence of the readiness of the husband to receive the wife in the house in which he now dwells.

The counsel contends that the law has given the wife the power of suing for separation, in case of abandonment, *Civ. Code*, 139, which is inconsistent with the obligation of the wife to follow her husband wherever he chuses to reside.

The case of abandonment of which the code speaks, is that where the husband abandons the wife, and wanders about without a fixed domicil. Many circumstances may imperiously require the removal of the family from one part of the state to the other. Of the wants of the family, and the means of supplying them, and the place of its residence, the husband is the best judge, and wherever he chuses to go, the wife must certainly follow him. If she remains behind,

he, and not she, may complain of abandon-ment.

The husband, in this case, has attested his readiness to receive the wife at his present place of abode—this it is his duty to do—and the wife, if she expects any advantage from his refusal, ought to have shewn it. It is a positive fact, of which the defendant could not be required to administer negative proof.

It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Robin* for the plaintiff—*Simon* for the defendant.